

P.O Box 55004
Irvine, CA 92618
888.504.6700 toll free
949.341.2200 fax
www.rushmorelm.com

7601111517*LM086 N1|1

May 22, 2018

Ray Briggs
334 N Arizona Ave
Glenwood, IL 60425 0000
*

                LOAN NO.: 7601111517
PROPERTY ADDRESS: 334 North Arizona Avenue
                                    Glenwood IL 60425

DEAR Ray Briggs :

Congratulations! You are eligible for a modification. If you comply with all the terms of the trial period plan previously sent to you we will modify your mortgage loan and waive all prior late charges that remain unpaid. The enclosed Modification Agreement reflects the proposed terms of your modified mortgage.

### HOW TO ACCEPT THIS OFFER:

**STEP 1 - COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

Enclosed are two identical original Loan Modification Agreements that we have prepared pursuant to your discussions with your loss mitigation representative from Rushmore Loan Management Services LLC. Please review the Loan Modification Agreements carefully. If you still wish to modify your loan, please sign the documents in black ink and in the presence of a notary. You should keep a copy of the modification for your records and return one signed original to Rushmore Loan Management Services LLC in the envelope provided within 30 days of the date on this letter. <u>Please sign your name exactly as it is printed under the signature line.</u> If you do not send the signed Modification Agreement to us by the due date you must contact us if you still wish to be considered for this program and have your loan modified.

Please note that your total payment, including an estimated escrow portion of $867.91, will be $2,646.85 and is effective on 07/01/18. Additionally, your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change. If this occurs, the amount of your monthly payment that RLMS must place in escrow will also adjust as permitted by law. This means that your monthly payment may change.

EXHIBIT A





P.O Box 55004
Irvine, CA 92618
888.504.6700 toll free
949.341.2200 fax
www.rushmorelm.com

Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $2,670.26. You may pay this amount over a 1 year (12 months) period. This monthly payment has already been included in the monthly escrow payment stated above. If you wish to pay the total shortage now a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.

**STEP 2   CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

Be certain to make any remaining trial period payment on or before the dates they are due. If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified. All other conditions of the trial period plan must also be completed as required.

If your loan is in default and actions have been undertaken pursuant to that default, there may be fees related to those actions which have yet to be incurred, but necessarily will be performed as part of the resolution of the proceedings related to the default (the "Default-related Actions"). Such Default-related Actions may include, but are not limited to, actions such as the dismissal of an ongoing foreclosure action, a meeting of creditors, or other court-mandated procedures. The cost of any such action has not been included in the modification, as that cost has not yet been incurred. You do not have to pay for any fees or costs for Default-related Actions unless and until they are incurred, and you are responsible only for the actual costs of those Default-related Actions. If you accept this modification, you will be responsible for any outstanding fees related to the Default-related Actions and they will appear on your periodic billing statement after the modification has been completed.

NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO BE A WAIVER OF THE BORROWERS DISCHARGE, AN ATTEMPT TO COLLECT AGAINST THE BORROWER PERSONALLY, OR AN ATTEMPT TO REVIVE PERSONAL LIABILITY.

Advice to Consult with Counsel:
YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

If you wish to reinstate or pay-off your loan, or have any questions regarding the Loan Modification Agreement please contact Rushmore Loan Management Services LLC directly at 1-888-504-6700.

Sincerely,

Rushmore Loan Management Services LLC

LM086 014 CQH



EXHIBIT A

## STATE SPECIFIC NOTICES

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car. Please be advised that you can reach the Colorado Foreclosure Hotline at 1-877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

## ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

If you have any other mortgage loans secured by the same property not serviced by Rushmore, please contact your other servicer directly to discuss any possible loss mitigation options that may be available to you.

If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

All Other 030818

EXHIBIT A



P.O Box 55004
Irvine, CA 92618
888.504.6700 toll free
949.341.2200 fax
www.rushmorelm.com

7601111517*LM086 N1|1

May 22, 2018

Ray Briggs
334 N Arizona Ave
Glenwood, IL 60425 0000
*

                LOAN NO.: 7601111517
PROPERTY ADDRESS: 334 North Arizona Avenue
                            Glenwood IL 60425

DEAR Ray Briggs :

Congratulations! You are eligible for a modification. If you comply with all the terms of the trial period plan previously sent to you we will modify your mortgage loan and waive all prior late charges that remain unpaid. The enclosed Modification Agreement reflects the proposed terms of your modified mortgage.

### HOW TO ACCEPT THIS OFFER:

**STEP 1 - COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

Enclosed are two identical original Loan Modification Agreements that we have prepared pursuant to your discussions with your loss mitigation representative from Rushmore Loan Management Services LLC. Please review the Loan Modification Agreements carefully. If you still wish to modify your loan, please sign the documents in black ink and in the presence of a notary. You should keep a copy of the modification for your records and return one signed original to Rushmore Loan Management Services LLC in the envelope provided within 30 days of the date on this letter. <u>Please sign your name exactly as it is printed under the signature line.</u> If you do not send the signed Modification Agreement to us by the due date you must contact us if you still wish to be considered for this program and have your loan modified.

Please note that your total payment, including an estimated escrow portion of $867.91, will be $2,646.85 and is effective on 07/01/18. Additionally, your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change. If this occurs, the amount of your monthly payment that RLMS must place in escrow will also adjust as permitted by law. This means that your monthly payment may change.





P.O Box 55004
Irvine, CA 92618
888.504.6700 toll free
949.341.2200 fax
www.rushmorelm.com

Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $2,670.26. You may pay this amount over a 1 year (12 months) period. This monthly payment has already been included in the monthly escrow payment stated above. If you wish to pay the total shortage now a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.

**STEP 2   CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

Be certain to make any remaining trial period payment on or before the dates they are due. If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified. All other conditions of the trial period plan must also be completed as required.

If your loan is in default and actions have been undertaken pursuant to that default, there may be fees related to those actions which have yet to be incurred, but necessarily will be performed as part of the resolution of the proceedings related to the default (the "Default-related Actions"). Such Default-related Actions may include, but are not limited to, actions such as the dismissal of an ongoing foreclosure action, a meeting of creditors, or other court-mandated procedures. The cost of any such action has not been included in the modification, as that cost has not yet been incurred. You do not have to pay for any fees or costs for Default-related Actions unless and until they are incurred, and you are responsible only for the actual costs of those Default-related Actions. If you accept this modification, you will be responsible for any outstanding fees related to the Default-related Actions and they will appear on your periodic billing statement after the modification has been completed.

NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO BE A WAIVER OF THE BORROWERS DISCHARGE, AN ATTEMPT TO COLLECT AGAINST THE BORROWER PERSONALLY, OR AN ATTEMPT TO REVIVE PERSONAL LIABILITY.

Advice to Consult with Counsel:
YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

If you wish to reinstate or pay-off your loan, or have any questions regarding the Loan Modification Agreement please contact Rushmore Loan Management Services LLC directly at 1-888-504-6700.

Sincerely,

Rushmore Loan Management Services LLC

LM086 014 CQH



EXHIBIT A

## STATE SPECIFIC NOTICES

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car. Please be advised that you can reach the Colorado Foreclosure Hotline at 1-877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

## ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

If you have any other mortgage loans secured by the same property not serviced by Rushmore, please contact your other servicer directly to discuss any possible loss mitigation options that may be available to you.

If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

All Other 030818

EXHIBIT A

**After Recording Return To:**
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

**This Document Prepared By:**
CYNTHIA QUINTERO
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

Parcel ID Number: 03-05-223-045

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: $125,400.00                                                    Loan No: 7601111517

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

    This Loan Modification Agreement ("Agreement"), made this **22nd** day of **May, 2018**, between **RAY BRIGGS, A MARRIED MAN** ("Borrower") and Owner, by and through **Rushmore Loan Management Services LLC, as current servicer and agent**, whose address is **15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **October 13, 1998** and recorded in **Instrument No: 98962476**, of the Official Records of **COOK** County, **IL** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**334 NORTH ARIZONA AVENUE, GLENWOOD, IL 60425,**
(Property Address)
the real property described being set forth as follows:

**AS SET FORTH IN THE MORTGAGE**

    In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 22, 2018**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$154,000.00**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.500%**, from **June 1, 2018**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,778.94**, beginning on the **1st** day of **July, 2018**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **7.500%** will remain in effect until principal and interest are paid in full. If on **November 1, 2028** (the "Maturity

*7601111517*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Illinois                Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8838 08/14                                                      (page 1 of 5)

In Witness Whereof, the Lender and I have executed this Agreement.

_____ _Ray Briggs_ _____ (Seal)
**RAY BRIGGS** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Illinois

County of Cook

The foregoing instrument was acknowledged before me on June 12th, 2018

by I. White

_____
(Signature of person taking acknowledgment)

My Commission Expires on Sept 1, 2019

> IVANNE WHITE
> Official Seal
> Notary Public - State of Illinois
> My Commission Expires Sep 1, 2019

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **31.0035324**

*7601115 17*

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Illinois
Mortgage Cadence Document Center © 8838 08/14

Form 3179 1/01 (rev. 4/14)
*(page 4 of 5)*

EXHIBIT A

Loan No: 7601111517

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

**RAY BRIGGS**
**334 NORTH ARIZONA AVENUE**
**GLENWOOD, IL 60425**

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **22nd** day of **May, 2018**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to **$146,047.62** (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of **$0.00** (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **November 1, 2028**. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$154,000.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____(Seal)
**RAY BRIGGS** –Borrower


**Rushmore Loan Management Services LLC**

By:_____(Seal) - Lender
Name:
Title:

_____
Date of Lender's Signature

EXHIBIT A

Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

*7601115 17*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Illinois
Mortgage Cadence Document Center © 8838 08/14

Form 3179 1/01 (rev. 4/14)
(page 2 of 5)

EXHIBIT A

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

Loan No: 7601111517

## INSURANCE ADDENDUM TO LOAN MODIFICATION AGREEMENT

**RAY BRIGGS**
**334 NORTH ARIZONA AVENUE**
**GLENWOOD, IL 60425**

THIS INSURANCE ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Insurance Addendum") is made this **22nd day of May, 2018**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of **Rushmore Loan Management Services LLC**, current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

If Borrower is obligated under the Note and Security Instrument to keep the improvements now existing or hereafter erected on the Property insured against loss by fire and/or any other hazards, including but not limited to floods or flooding, or if Borrower is obligated under the Note and Security Instrument to pay Lender for escrowed insurance premiums, and Borrower subsequently either fails to insure the Property or fails to pay insurance escrowed amounts when they become due, then Lender may at its sole discretion and without obligation exercise its rights under the Note and Security Instrument and this Agreement to purchase insurance to protect Lender's interests and rights in the Property. Borrower acknowledges and agrees that the cost of insurance coverage so obtained by Lender may significantly exceed the cost of insurance that Borrower could have obtained independently. Nevertheless, Borrower acknowledges and agrees any such amounts disbursed by Lender shall become additional debt of the Borrower payable to Lender and secured by the Security Instrument. Borrower further acknowledges and agrees that Lender is under no obligation to purchase any particular type or amount of coverage, and such coverage shall be intended to protect Lender but may or may not protect Borrower, Borrower's equity in the Property, or the contents of the Property against any risk, hazard or liability, and furthermore may provide greater or lesser coverage than was previously in effect.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Addendum.

_____          _____
**RAY BRIGGS**                                        **LENDER**

EXHIBIT A

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: 7601111517

FHA/VA Case Number:

Borrower(s): **RAY BRIGGS**

Property Address: **334 NORTH ARIZONA AVENUE, GLENWOOD, IL 60425**

Servicer: **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an Investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **22nd** day of **May, 2018.**

_____ (Seal)
**RAY BRIGGS** -Borrower


Mortgage Cadence Document Center © 9572 08/13


Errors and Omissions/Compliance Agreement

EXHIBIT A

Case 17-32802   Doc 55-1   Filed 07/25/18   Entered 07/25/18 17:23:55   Desc Exhibit
              A    Page 14 of 14

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____

County of _____

The foregoing Instrument was acknowledged before me on
_____

by _____, the _____ of

_____


_____
(Signature of person taking acknowledgment)

My Commission Expires on _____

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Illinois          Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8838 08/14                                                (page 5 of 5)

EXHIBIT A